UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.

DENISE GORDILS,

    Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this District, and where Defendant transacts business in this District.

### PARTIES

4. Plaintiff, Denise Gordils ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of St. Lucie, and City of Port St. Lucie.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Commercial Recovery Systems, Inc. ("Defendant") is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. The alleged obligation arises from a personal payday loan.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. In connection with the collection of an alleged debt in default (the "Debt"), Defendant, by and through its agent and/or employee "Ali Taylor," placed a call to Plaintiff's cellular telephone on July 16, 2012 at 10:16 A.M., and at such time, left a voicemail message stating in relevant part:

> "This is Ali Taylor. I'm calling from the processing department and CRS and I'm trying to get in touch with Denise M. Gordils. This is regarding an asset liability investigation that was opened up on her. If you could either have Denise or her attorney call me back, my number is 469-453-8430 again 469-453-8430 and the case number to reference is 3560911."

13. In its July 16, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

14. In its June 16, 2012 voicemail message, Defendant failed to disclose its true corporate or business name.

15. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name in a telephone call to Plaintiff, in its June 16, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

16. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Ali Taylor," placed a call to Plaintiff's cellular telephone on August 16, 2012 at 2:53 P.M., and at such time, left the following voicemail message:

> "Hi Denise, this is Ali Taylor. I was just following back up with you, uh, regarding that, um, debt that we have in our office. If you want to give me a call back, it is actually a payday loan is what they're stating. Um, in order for us to not move forward, or my client, uh, we need a return call. My direct line is 469-453-8430 again 469-453-8430 case 3560911."

17. In its August 16, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

18. In its August 16, 2012 voicemail message, Defendant failed to disclose its true corporate or business name.

19. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name in a telephone call to Plaintiff, in its July 10, 2012, voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

20.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19, above.

21.     Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

22.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19, above.

23.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 15 U.S.C. § U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 3rd day of October, 2012,

**DENISE GORDILS**

By: s/Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com